# LEEDS BROWN LAW

One Old Country Road, Ste. ?
Carle Place, NY 11514
(516) 873-9550

*Attorneys at Law*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __10/21/2025__

October 20, 2025

Honorable Judge Analisa Torres
Southern District of New York
500 Pearl Street
New York, New York 10007

   Re: <u>Batanjany et al. v. Clear Street Management LLC, et al.</u>
     Docket No. 25-cv-08420

Your Honor:

  This office represents Defendants Clear Street Management LLC, Clear Street Derivatives LLC, Clear Street LLC, Clear Street Holdings LLC, Clear Street Group Inc., Uriel Ephraim Cohen, and Kenneth Ari Sicklick. We write to advise the Court that Defendants are filing the following documents:

  (1) a Notice of Motion to Compel Arbitration
  (2) a Memorandum of Law in Support of the Motion to Compel Arbitration
  (3) a Memorandum of Law in Opposition to Plaintiffs' Motion for Injunctive Relief
  (4) the Declaration of Andrew Volz submitted in support of the Motion to Compel Arbitration and in opposition to Plaintiffs' motion.

  Defendants respectfully request that this Court stay further briefing on Plaintiffs' injunction motion pending resolution of the Motion to Compel Arbitration. Plaintiffs' reply papers are presently due October 24, 2025. Because Plaintiffs expressly agreed to arbitrate all employment-related disputes, this case should not proceed further in court. Allowing additional briefing would risk further public dissemination of immaterial and inflammatory material in a forum that is not the proper venue for these disputes, and would unnecessarily burden the Court and the parties, while the threshold arbitrability issue is pending. This is the first request for such relief.

  Accordingly, Defendants ask the Court to stay the briefing on the injunction motion until the Court resolves the Motion to Compel Arbitration. In the alternative, Defendants request any such other relief as the Court deems appropriate to prevent unnecessary filings before the arbitrability determination.

      Defendants contacted Plaintiffs' counsel seeking their consent to this request, but they declined to consent unless Defendants agreed to the entry of a temporary restraining order. Defendants cannot agree to that condition. Plaintiffs remain free to seek interim or injunctive relief in arbitration, as both JAMS and AAA rules expressly permit same. (AAA Commercial Rule R-39; JAMS Employment Arbitration Rule 24(e).)

      We thank the Court for its attention to this matter.

      Very truly yours,

      LEEDS BROWN LAW, P.C.

      *Rick Ostrove*

      RICK OSTROVE

cc: Opposing Counsel (via ECF)

The motion to stay further briefing on Plaintiffs' motion for a preliminary injunction is DENIED. Even if the "dispute is to be arbitrated," that "does not absolve the court of its obligation to consider the merits of a requested preliminary injunction." *Roso-Lino Bev. Distributors, Inc. v. Coca-Cola Bottling Co. of New York, Inc.*, 749 F.2d 124, 125 (2d Cir. 1984) (per curiam); *see also Thales Avionics, Inc. v. L3 Techs., Inc.*, 719 F. Supp. 3d 337 (S.D.N.Y. 2024).

SO ORDERED.

Dated: October 21, 2025
      New York, New York

      ANALISA TORRES
      United States District Judge

2