# *LEEDS BROWN LAW, P.C.*

One Old Country Road, Ste. 347
Carle Place, NY 11514
(516) 873-9550

_____*Attorneys at Law*_____

October 24, 2025

Honorable Judge Analisa Torres
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    <u>Batanjany, et al. v. Clear Street Management LLC, et al.</u>
               Docket No. 25-cv-08420

Your Honor:

      This office represents Defendants Clear Street Management LLC, Clear Street Derivatives LLC, Clear Street LLC, Clear Street Holdings LLC, Clear Street Group Inc., Uriel Ephraim Cohen, and Kenneth Ari Sicklick. We write to (I) request an extension of time to answer or otherwise respond to the Complaint; (II) respond to this Court's October 21, 2025 Order regarding facts and witnesses; and (III) respond to the contentions set forth in Plaintiffs' letter to this Court, dated October 23, 2025 regarding the attendance of apex witnesses at the November 3, 2025 hearing.

**I.**      <u>**Extension Request**</u>

      The current deadlines for Defendants to respond to the Complaint are November 4 and 5, 2025. Because a motion to compel arbitration is pending, Defendants respectfully request a brief extension of their time to answer or otherwise respond until after the Court decides that motion. This is Defendants' first request for such relief. We have asked for the consent of Plaintiffs' counsel yesterday and have not yet received a response.

      Courts in this District routinely extend the time to respond to a complaint where arbitrability has been raised, to prevent unnecessary litigation activity and avoid any risk of waiver. <u>See</u> <u>Herman v. Katten Muchin Rosenman LLP</u>, 2025 U.S. Dist. LEXIS 167091 (S.D.N.Y. 2025) (denying default judgment, stating "answering the Complaint would have been inconsistent with Defendants' request to stay the case and compel arbitration"); <u>GP Acoustics (US) Inc. v. J&V Audio Inc.</u>, 2017 U.S. Dist. LEXIS 233176, at *3 (S.D.N.Y. 2017) (staying arbitration and extending defendants' time to answer "without date"); <u>Gen. Media, Inc. v. Shooker</u>, 1998 U.S. Dist. LEXIS 10880, at *13 (S.D.N.Y. 1998) (suspending certain defendants' time to respond to the complaint "in light of the stay [pending arbitration]").

Forcing Defendants to either answer a 244-paragraph complaint now or file a motion to dismiss (seven of the nine causes of action were brought against all seven defendants, many improperly) would undermine their contractual right to arbitrate and needlessly expend party and judicial resources. Plaintiffs cannot claim prejudice from a short extension because they agreed to arbitrate the very claims asserted here. Further, their immediate issues are being addressed by the Court which has committed to deciding the injunction motion.

An extension is appropriate while the threshold issue of arbitrability is resolved. Accordingly, Defendants request that their deadline to answer or otherwise respond be adjourned *sine die*. Alternatively, we request 60 days to answer or respond given that the parties are embroiled in the preliminary injunction litigation, as it will take time to either answer the lengthy complaint, or more likely, file a thoughtful and proper motion to dismiss.

**II.      Defendants' Response to Order Regarding Facts and Witnesses**

On October 21, 2014, this Court issued the following Order:

> By October 24, 2025, the parties shall each submit a letter to the Court defining the issues for the hearing and indicating what facts, if any, they seek to prove and how those facts will be proven. If any witnesses for the parties will be providing testimony, the parties shall provide those witnesses' names and titles, as well as the estimated length of testimony.

(Doc. No. 39).

Our response is set forth below.

**A.      Issues to be Addressed at the Hearing**

In defining the issues as set forth below, Defendants do not waive their right to compel arbitration but recognize that the Court has directed the parties to proceed with the preliminary injunction motion on the merits. Accordingly, Defendants submit that the hearing will address the following issues:

| Issues |
|---|
| Whether Plaintiffs have shown a clear or substantial likelihood of success only under Labor Law § 740. |
| Whether Plaintiffs can show irreparable harm only with respect to the filing of the U5s. |
| In whose favor does the balance of the equities weigh. |
| Whether an injunction serves the public interest. |
| As to the issue of whether Plaintiffs engaged in whistleblowing activities or otherwise engaged in protected activities, this issue is uncontested for purposes of this application, except as relates to the October 3 and 4 letters which we believe can be decided as a matter of law based on the content of the letters. |

B.   **Facts Defendants Expect to Prove and How**

Defendants submit that they expect to prove the following facts through the following methods:

| Facts to be Proven | Method of Proof |
|---|---|
| The facts to be proven are set forth in the Declaration of Andrew Volz. In sum, Clear Street had a good-faith, reasonable belief that Plaintiffs secretly coordinated their resignations to join a competitor in violation of their contractual obligation and duties of loyalty; that Clear Street reasonably believed that Patrick Travers led the effort after becoming disgruntled; and that Clear Street lawfully terminated Plaintiffs for cause and completed regulatory filings consistent therewith. | The Declaration of Andrew Volz with the exhibits attached thereto and/or his live testimony. <br><br> Testimony of Curtis Allemang consistent with the Volz Declaration ¶¶ 68-72. <br><br> Testimony of Adam Glazer consistent with the Volz Declaration ¶¶ 68-72. |
| Any disputes regarding the U5 agreements should be submitted to Arbitration at FINRA, not this Court. | Plaintiffs' U4s, Plaintiffs' Employment Agreements and FINRA Rule 13200, 8312, and 12200. |
| Defendants reserve the right to present additional witnesses, documents, or facts as necessary to rebut any new arguments, testimony, or evidence presented by Plaintiffs that was not advanced in their memorandum in support. | TBD |

C.   **Witnesses**

Defendants presently expect to call the following witnesses:

| Witness | Title | Time |
|---|---|---|
| Andrew Volz | Chief Executive Officer of Clear Street LLC and Chief Commercial Officer of Clear Streett Group Inc. | Two hours |
| Curtis Allemang | Managing Director Sales, Prime Brokerage Sales | Half hour |
| Adam Glazer | Managing Director Trading Derivatives | Half hour |
| Defendants reserve the right to call | | TBD |

3

| | | |
|---|---|---|
| additional witnesses, including for cross-examination, rebuttal, or impeachment, as may be necessary to address or respond to issues raised in Plaintiffs' presentation at hearing. | | |

### III.     Attendance of Apex Witnesses at the November 3, 2025 Hearing

In Plaintiffs' letter to this Court, dated October 23, 2025 (Doc. No. 44), counsel requested that Defendants Kenneth Sicklick and Uriel Cohen be required to attend and testify at the upcoming preliminary injunction hearing. That request should be denied.

The only issue to be decided at the hearing is whether an injunction should be granted with respect to Clear Street's filing of the Form U5s. As set forth in Defendants' memorandum of law and the declaration of Andrew Volz, Clear Street terminated Plaintiffs for cause following their coordinated, mass resignation and preparation to join a competitor which was a violation of their restrictive covenants. Volz was directly involved in the events at issue, including the decision of how to classify Plaintiffs' terminations and to submit the Form U5s consistent therewith, and he will competently testify regarding those matters. Plaintiffs have identified no reason why additional witnesses are needed to assess the issues to be decided -- specifically the contested elements of the whistleblower claims and the filing of the U5s.

Based on Plaintiffs' letter, it is apparent that they intend to spend hearing time detailing their whistleblowing activities. While Defendant Volz generally denied Defendants engaged in any wrongdoing or unlawful conduct in his declaration (Doc. No. 37, ¶ 3), for purposes of this motion, Defendants did not contest that Plaintiffs engaged in protected activities, except as to whether the October 3 and October 4 letters constitute protected activity under Labor Law §740. (Doc. No. 36, pp. 9-19.)  That question turns solely on the content of those letters, which are already before the Court. No witness testimony is required to interpret those letters. Thus, there will be no testimony offered by Defendants, or needed from Plaintiffs, regarding the alleged underlying "unlawful conduct," any reports of such conduct, or Plaintiffs' claimed whistleblowing as those issues are uncontested for purposes of the preliminary injunction application.

As detailed in Defendants' opposition papers, even assuming Plaintiffs engaged in protected activity, there was a clear intervening event -- the coordinated resignation of seven senior executives on the same morning to join a competitor. Plaintiffs themselves admit that the U5s were filed after their resignations and Plaintiffs were retaliated against based on Clear Street's belief that their resignations were coordinated and reflected disloyalty. (Complaint ¶ 104, 117(d), 124, 134.)  Volz's declaration fully sets forth the factual basis for those decisions.

Plaintiffs' demand that Cohen and Sicklick appear in court is unnecessary. Volz is CEO of Clear Street LLC, the entity that filed the U5s. Accordingly, Volz is the correct person to testify regarding the issue. Cohen and Sicklick's testimony would be cumulative, burdensome, and unnecessary given that Volz has direct knowledge of the decisions at issue and was ultimately responsible for the decision.

For these reasons, Defendants respectfully request that the Court deny Plaintiffs' request to compel the attendance or testimony of Mr. Cohen and Mr. Sicklick at the November 3, 2025 hearing. Volz will appear and is prepared to testify regarding all of the issues in his declaration, including the U5s.

We thank the Court for its attention to this matter.

                                            Very truly yours,

                                            LEEDS BROWN LAW, P.C.

                                            _____*S/*_____
                                            RICK OSTROVE

cc: Opposing Counsel (via ECF)