UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL BATANJANY, CORY SOLOMON, PATRICK TRAVERS, and JORDAN BRODSKY,

          Plaintiffs,

-against-

CLEAR STREET MANAGEMENT LLC, CLEAR STREET DERIVATIVES LLC, CLEAR HOLDINGS LLC, CLEAR STREET LLC, CLEAR STREET HOLDINGS LLC, CLEAR STREET GROUP INC., URIEL EPHRAIM COHEN, and KENNETH ARI SICKLICK,

          Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/12/2025

25 Civ. 8420 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    The Court has reviewed Plaintiffs' motion to quash the subpoenas served on nonparties William Krinsky and Noel Kimmel, ECF Nos. 61, 62, as well as Krinsky and Kimmel's motion to quash the subpoenas filed by their attorney, Nonparty Mot., ECF No. 65; *see also* Opp., ECF No. 66; Reply, ECF No. 69.  The motions to quash are GRANTED.[1]

    On October 10, 2025, Plaintiffs, registered broker-dealers, initiated this action seeking emergency relief in the form of a preliminary injunction that would reinstate the status quo by, *inter alia*, requiring Defendants to amend filed Uniform Termination Notice for Securities Industry Registration Forms to reflect that Plaintiffs voluntarily resigned from their positions. *See* Compl., ECF No. 1; Mot., ECF No. 7.  The Court set a hearing on the matter for November 13, 2025, permitting the parties to present witness testimony to the Court.  *See* ECF 58.  Both parties have served nonparties with subpoenas to compel their testimony before the Court.  Defendants served subpoenas on nonparties Krinsky and Kimmel.  Both Krinsky and Kimmel and Plaintiffs move to quash those subpoenas.

    Federal Rule of Civil Procedure 45 permits a party to command a non-party to attend a proceeding in a civil action and provide testimony.  *See* Fed. R. Civ. P. 45(a).  "On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; . . . or (iv) subjects a person to undue burden."  Fed. R. Civ. P. 45(d)(3)(A).  Motions to quash a subpoena are "entrusted to the sound discretion of the district court."  *In re Fitch, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003) (citation omitted).  Because the issuing party "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," Fed. R. Civ. P. 45(d)(1), the party issuing a subpoena under Rule 45 "bears the initial burden of proving that the information and testimony

---

[1] The Court assumes familiarity with the facts and only recites facts relevant to the pending motions to quash.

sought in the subpoena are relevant and proportional to the needs of the case," *Girard St. Inv. Holdings LLC v. Petroleos De Venezuela, S.A.*, No. 23 Civ. 10772, 2024 WL 4837277, at *1 (S.D.N.Y. Nov. 20, 2024) (citation omitted). The movant bears the ultimate burden of demonstrating an undue burden. *See Matter of MP Reorganization*, No. 22 Misc. 14422, 2024 WL 4954320, at *2 (S.D.N.Y. Nov. 30, 2024). "In determining whether a subpoena subjects a witness to undue burden, a court must balance 'the interests served by commanding compliance with the subpoena against the interests furthered by quashing it.'" *Id.* (citation omitted).

The Court finds that the subpoenas are unduly burdensome. First, even if Krinsky and Kimmel have personal knowledge relevant to Plaintiffs' motion, the Court concludes that this knowledge would not be unique. *See id.* (requiring courts to "consider whether the information is necessary and whether it is available from any other source" (citation omitted)); *see also Girard St.*, 2024 WL 4837277, at *1 (requiring both relevance and proportionality). Defendants state that "Krinsky and Kimmel know the nature of communications and negotiations between Plaintiffs and [Plaintiffs' future] employer and will be able to detail same." Opp. at 1. Defendants can obtain this information through cross-examination of Plaintiffs, who have personal knowledge of their own communications and negotiations with their future employer. Second, although these communications are potentially relevant to whether Plaintiffs "violated their restrictive covenants," *id.*, they are less relevant to the question at issue for the hearing—namely, what Defendants knew or believed when they took certain actions against Plaintiffs, and relatedly, Defendants' motives underlying those actions.[2] Unless Defendants were aware of the details of Plaintiffs' communications, those details are not probative of Defendants' intent at the time they took certain employment actions. And, to the extent that Defendants or their agents were aware of the details of the Plaintiffs' communications, Defendants' counsel may elicit the relevant information through examination of Defendants' own witnesses or cross-examination of Plaintiffs' witnesses. Finally, through counsel, Krinsky and Kimmel state that they have "no personal knowledge of Defendants' alleged conduct." *See* Nonparty Mot. at 2.

The subpoenas also require the nonparties to testify on short notice, weighing in favor of quashing the subpoena. As of November 11, 2025, less than 48 hours before the hearing, Kimmel had not been served. *See* Nonparty Mot. at 2. Although the parties do not identify when Krinsky was served, it appears from the papers that it was less than one week before the hearing that had been scheduled multiple weeks beforehand, and compliance with the subpoena would require altering preplanned travel, *see id.* at 1. *See also Arch Ins. Co. v. Centerplan Constr. Co., LLC*, No. 16 Civ. 1891, 2017 WL 4998645, at *1 (D. Conn. Nov. 2, 2017) (finding that subpoenas served seven days in advance of a hearing "were not served within a reasonable time to afford the targets the required time to prepare and appear to testify competently").

For the forgoing reasons, the Court GRANTS the motions to quash the subpoenas.

SO ORDERED.

Dated: November 12, 2025
New York, New York

_____
ANALISA TORRES
United States District Judge

---

[2] Defendants do not argue, nor does the Court find, that either Krinsky or Kimmel has unique personal knowledge relevant to the other questions at issue, namely, irreparable harm or the balance of equities and public interest.