# FRESHFIELDS

By Email

December 9, 2025

Honorable Judge Analisa Torres
Southern District of New York
500 Pearl Street
New York, New York 10007

**New York**
3 World Trade Center
175 Greenwich Street
New York, NY 10007

**Gayle Klein**
T +1 (212) 277-4000
T +1 (212) 230-4645 (direct)
E gayle.klein@freshfields.com

**freshfields.us**

**RE:** *Batanjany et al. v. Clear Street Management LLC, et al.*, Civil Action No. 25-cv-08420.

Dear Judge Torres:

I write on behalf of Defendants to briefly address three points Plaintiffs raised (ECF. No. 99) in response to my letter. (ECF No. 98).[1]

*First*, Defendants are not seeking and do not care to identify the source of Ms. Rockett's (inaccurate) information. It simply bore noting that Ms. Rockett, who has cast aspersions on defense counsel, received what she understood to be Defendants' privileged information about their legal strategy and acted on it.

*Second*, I did not state that it would be burdensome to produce defense counsel's communications by December 12, which, again, Defendants readily offered to do (ECF No. 88). But it would be unfairly burdensome to require counsel to obtain declarations from multiple categories of persons by December 12 when we have only eight days to respond to a 136 page filing (a 29-page brief, a 12-page appendix and 95 pages of declarations). I averred that Defendants would provide the information thereafter if the Court so ordered. Ms. Rockett's insinuations as to motive are wrong.

*Third*, Clear Street is entitled to exercise its First Amendment right. The Court has not yet heard the full extent of Plaintiffs' conspiracy and coordination and breaches of contract. There is a lot of evidence demonstrating Plaintiffs' intentional wrongdoing, including that which has been willingly offered from individuals whom Mr. Travers (and others) recruited, but stayed at Clear Street. Non-frivolous legal actions plainly do not constitute an "adverse employment action". So long as warranted by existing law and factual contentions with evidentiary support (*see*, *e.g.*, Fed. R. Civ. P. 11), Defendants have a First Amendment right to pursue legitimate claims and appropriate judicial relief. Plaintiffs should not be able use their limited injunction proceeding to shield their own wrongdoing or otherwise deprive Defendants of a constitutional right. Clear Street merely asks the Court to confirm that its temporary restraining order permits Defendants to pursue non-frivolous claims to protect Clear Street's confidential and proprietary information, enforce Plaintiffs' legal obligations, and seek appropriate relief that is supported by the law and facts.

---

[1] That I do not address points Ms. Rockett raised does not mean that I agree with them.

**FRESHFIELDS**

Respectfully submitted,

*/s/ Gayle R. Klein*

Gayle R. Klein

cc: Opposing Counsel (via ECF)