UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
MICHAEL BATANJANY, CORY SOLOMON,
PATRICK TRAVERS, and JORDAN
BRODSKY,

                              Plaintiffs,

              -against-

CLEAR STREET MANAGEMENT LLC,
CLEAR STREET DERIVATIVES LLC, CLEAR
HOLDINGS LLC, CLEAR STREET LLC,
CLEAR STREET HOLDINGS LLC, CLEAR
STREET GROUP INC., URIEL EPHRAIM
COHEN, and KENNETH ARI SICKLICK,

                              Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  12/10/2025

25 Civ. 8420 (AT)

**ORDER**

ANALISA TORRES, District Judge:

The Court has reviewed the parties' numerous letters recently filed on the docket. *See* ECF Nos. 96, 98, 99, 100, 101. The Court orders as follows:

1. The parties are not required to file redacted versions of the hearing transcript pending the Court's decision on Defendants' motion to seal.

2. The Court's December 5, 2025 order applies to Andrew Costello and Rick Ostrove. ECF No. 92 ¶ 2. By **December 23, 2025**, Uriel Cohen, Scott Gutmanstein, Kenneth Sicklick, and Andrew Volz shall comply with the Court's order. *Id.*

3. On November 10, 2025, the Court ordered that any "affidavits" or "additional submissions for the Court to rely on in ruling on the motion for a preliminary injunction" shall be filed by November 12, 2025. ECF No. 71. At that time, the parties were aware that the Court intended to limit the duration of the evidentiary hearing to one day. At the November 20, 2025 hearing, because the parties wished to continue the already-continued hearing through the presentation of additional testimony, the Court permitted the parties to submit declarations with any outstanding testimony in lieu of continuing the hearing further. Therefore, because any declarations from individuals who were not actual or anticipated witnesses should have been submitted by November 12, 2025, the Court will only consider new declarations from those that the parties listed as anticipated witnesses.

4. "The courts in this Circuit have held that the filing of 'baseless claims or lawsuits designed to deter claimants from seeking legal redress constitute impermissibly adverse retaliatory actions.'" *Kim v. Lee*, 576 F. Supp. 2d 14, 31 (S.D.N.Y. 2021) (citation omitted)); *see Bill Johnson's Restaurants, Inc. v. N.L.R.B.*, 461 U.S. 731, 740 (1983). "To sustain a claim of retaliation based on the filing of a lawsuit or counterclaim, the plaintiff

must allege [] that the lawsuit or counterclaim was filed both 'with a retaliatory motive' and that it was filed 'without a reasonable basis in fact or law.'" *Kim*, 576 F. Supp. 2d at 31 (quoting *Darveau v. Detecon, Inc.*, 515 F.3d 334, 343 (4th Cir. 2008)); *see Robinson v. De Niro*, 739 F. Supp. 3d 33, 89–90 (S.D.N.Y. 2023) (same).  "The requirement that the lawsuit be filed without a reasonable basis in law or fact derives, in part, from the protection the First Amendment affords the employer . . . to have access to the courts for the redress of those grievances." *Robinson*, 739 F. Supp. 3d at 89–90 (citing *Bill Johnson's Restaurants*, 461 U.S. at 741).  The Court therefore clarifies that the temporary restraining order enjoining Defendants from taking adverse action against Plaintiffs while the Court decides the preliminary injunction motion only enjoins Defendants from taking legal action without a reasonable basis in law or fact against Plaintiffs.

SO ORDERED.

Dated: December 10, 2025
New York, New York

_____
ANALISA TORRES
United States District Judge

2